## CRAWNER v CANFIELD, Admr

Ohio Appeals, 2nd Dist, Franklin Co

No 2185. Decided June 22, 1932

Williams, Williams, Klapp & Reynolds, Columbus, for plaintiff in error.

James B. Yaw, Columbus, and Harry Kohn, Columbus, for defendant in error.

## BY THE COURT

Various errors are assigned in the petition in error. The principal error stressed by counsel for plaintiff in error both in the oral argument and the briefs, relates to the refusal of the trial court to give certain special instructions presented and requested to be given in advance of the argument.

We have read the record in this case with care. We have also considered the very exhaustive briefs filed by counsel. We shall announce the conclusion at which we have arrived after a reading of the record and consideration of the briefs rather than engage in a discussion or review in detail of the many authorities cited by counsel.

The evidence in this case is extremely conflicting. It seems incredible that different people could have seen this same accident and received such a different impression as to what transpired. If the testimony of different witnesses called by defendant in error is accepted as containing a true version of what transpired at the time in question then there is ample evidence in the record to sustain the verdict and to sustain a finding that the plaintiff in error at the time in question was operating his automobile at an excessive and reckless rate of speed and that the accident in question was the result thereof. In addition to the direct testimony of certain witnesses to the effect that the automobile of plaintiff in error at the time in question was being operated at a rate of speed of 65 or more miles per hour, there is also the mute testimony furnished by the distance which this car skidded after the brakes were applied in an effort to stop the car. If the facts and circumstances disclosed by certain witnesses produced by defendant in error are accepted as true and the jury evidently so accepted them, then there is ample evidence to support the verdict. Upon the other hand if the version of this accident as given by certain witnesses called by plaintiff in error is accepted as the true version of what occurred at the time in question then the injuries to this child were the result of an unavoidable accident.

Upon a consideration of the entire record we would not feel warranted in disturbing the verdict upon the ground that the same is against the manifest weight of the evidence.

Great stress is laid by counsel for plaintiff in error upon the court's refusal to give special charges Nos. 3, 5, 6, 8 and 9.

In considering these charges it must be kept in mind that the court was considering a case wherein the ordinary rules of negligence did not apply as the decedent in this case was a child of some 8 years of age. A special request should be complete otherwise it might be misleading.

We think special request No. 3 was properly refused because of its failure to recognize or to define the negligence of a child eight years of age.

We are also of opinion that special request No. 5 is incomplete and assumes that the child in question jumped off the parked car and ran directly into the path of the automobile in question. There is a conflict of testimony upon this question.

We think No. 6 is also incomplete and is objectionable for the reasons suggested as to No. 5.

Special request No. 8 in effect is a repetition of No. 7 which was given and which stated to the jury that:

"The damages which may be recovered in an action for wrongful death are limited only to the pecuniary loss sustained by the beneficiaries of the deceased." •

The charge also fails to take into account the expectancy of life of the deceased and the probability of his earning capacity. The trial court in its general charge to the jury covered this phase of the case at length and in such manner that it would be difficult to see how the jury could fail to understand the correct rule governing this feature of the case.

Special request No. 9 which was refused is also incomplete in that it does not recognize the infancy of the deceased nor state what would constitute negligence upon the part of such infant, but merely advises the jury that the plaintiff below can not recover although the defendant below may have been guilty of negligence if it appears from the evidence that Richard Dow Canfield's own negligence directly contributed in the slightest degree to the accident and resultant death.

The rule is well settled in Ohio that special charges requested by counsel should be complete and state the law correctly and clearly.

We have considered with care the suggestion of counsel for plaintiff in error to the effect that the verdict in this case is clearly excessive. It may be for a larger sum than this court would have awarded under all the circumstances disclosed by the record if we had been sitting as a jury. When we consider, however, that this child had an expectancy of life of some 50 years, it is difficult to say that the expectancy on the part of his parents and next of kin would not equal the amount of the verdict. From a consideration of the record we would not feel warranted in disturbing the verdict upon the ground that the same is excessive.

We have considered all the grounds of error urged by counsel for plaintiff in error but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.

HORNBECK, J, dissenting:

I am compelled to dissent from the opinion of the majority for the reason that I believe that the court erred in refusing to give before argument special charges numbers 6 and 9 requested by plaintiff in error.

Number 6 embodies elements which if found by the jury would have compelled it to find that the striking of the deceased by plaintiff in error was an unavoidable accident. This phase of the case was well developed by plaintiff in error's testimony. Therefore, he was entitled to have the benefit of this before the jury when counsel for plaintiff in error presented his argument to the jury.

**Motkin, Admx v Bardes, Executor; 10 Oh Ap, 391.**

Likewise, special charge number 9 has been specifically approved by the Supreme Court in **Chesrown v Bevier, 101 Oh St, 282,** and the court there stated that a failure to give a charge in the identical language as embodied in number 9 was prejudicial error. The distinction sought to be made by the majority to the effect that the charge is incomplete because it does not contain a definition of negligence as applied to a minor is not well taken. Negligence whether applicable to an adult or minor must be defined, but it is no more necessary that it be included in a special charge such as number 9 than that it be included in the charge in the Chesrown case.

A closer question is whether a minor of the age of eight years, notwithstanding the common law rule, is chargeable with contributory neglignece.

ON MOTION FOR REHEARING

Decided Sept 27, 1932

BY THE COURT:

This case is presented upon motion for a rehearing. The motion was filed with the Clerk of the Court but the attention of the court was not drawn thereto until quite recently. We will, however, waive the informality and consider the motion for a rehearing.

We have carefully considered the various phases of the motion, and the only point upon which the majority have any serious question is that which relates to Special Requests Nos. 6 and 9. The majority of the court in the opinion undertook to distinguish this charge from the decision in the case of **Barkson v Craig,** reported in **121 Oh St, 371.** The distinction drawn by

the majority opinion, we think is sufficient to justify a rejection of that charge.

We find no other prejudicial error in the majority opinion and the motion is therefore overruled.

ALLREAD, PJ, and KUNKLE, J, concur.

HORNBECK, J, dissents.